UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANCISCO HERNANDEZ,

    Defendant.
                                       /

Case No. 2:09-cr-20353-1

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING DEFENDANT'S MOTION TO ABATE FOR
LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVE
PETITION FOR RELIEF UNDER 18 U.S.C. § 3742** (document no. 181)
**AND DENYING AS MOOT MOTION TO COMPEL RULING** (document no. 186)

    Defendant Francisco Hernandez ("Hernandez") pled guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1). Judg., ECF No. 113. On August 27, 2010, the Court sentenced Hernandez to 125 months imprisonment. *Id.* On October 9, 2015, the Court reduced his sentence by five months after both sides stipulated to the reduction pursuant to U.S. Sentencing Guidelines Amendments 782 and 788. Am. Judg., ECF No. 180.

    Before the Court is Hernandez's "motion to abate for lack of subject matter jurisdiction and alternative petition for relief under 18 U.S.C. § 3742," and his motion to compel a ruling. ECF Nos. 181, 186. It appears that Hernandez seeks relief under 18 U.S.C. § 3742 for alleged violations of (1) Criminal Rule 6(f) when Hernandez was not able to testify before the grand jury; (2) 18 U.S.C. §§ 241 and 242 when the federal prosecutor ignored Hernandez's due process rights under the Fourth, Fifth, Sixth, and Ninth Amendments; (3) Criminal Rule 6(b) when Hernandez was not afforded the right to challenge the array of the grand jury pool and voir dire individual grand jury candidates prior to the grand jury

being sworn in; and (4) 28 U.S.C. § 2072(b) when Hernandez was not notified that a grand jury was convened in his case. Mot. Abate 1–6, ECF No. 181.

Under 18 U.S.C. § 3742, "a defendant may file a notice of appeal in the district court for review of an otherwise final sentence" if the sentence was "imposed in violation of law." But "[t]his section concerns only the notice that a defendant gives to the district court." *Jones v. United States*, 214 F. Supp. 2d 780, 783 (E.D. Mich 2002). Section 3742 does not create a duty or obligation in the district court, and "does not authorize the district court to act on a defendant's motion or other request for the district court to review a defendant's sentence." *Id.*

Because Hernandez has yet to appeal his sentence — much less have it set aside on appeal — the Court does not have authority to adjust his sentence. *See United States v. Briceno*, No. 11-20076-2, 2016 WL 3418489, at *1 (E.D. Mich. June 22, 2016) ("Indeed, 18 U.S.C. § 3742 deals with review of a sentence after an appeal by the Defendant . . . and the District Court does not enter into this process unless the Court of Appeals remands for resentencing."). Accordingly, Hernandez's motion will be denied.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion to Abate for Lack of Subject Matter Jurisdiction and Alternative Petition for Relief Under 18 U.S.C. § 3742 (document no. 181) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Ruling (document no. 186) is **DENIED AS MOOT**.

**SO ORDERED**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: October 28, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 28, 2016, by electronic and/or ordinary mail.

        s/David P. Parker
        Case Manager